[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 98-1522

UNITED STATES OF AMERICA,

Appellee,

v.

JERRY RESTO-DIAZ,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

---

Before

Torruella, Chief Judge,

Selya and Lipez, Circuit Judges.

---

Joseph Frattallone Marti, by appointment of the court, for appellant.
Warren Vázquez, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco and Camille Vélez-Rivé, Assistant United States Attorneys, were on brief, for appellee.

---

March 17, 2000

---

**Per Curiam.** After a five-day trial, a jury found defendant-appellant Jerry Resto-Díaz (Resto) guilty of two counts of carjacking, each with intent to cause death or serious bodily harm,[1] 18 U.S.C. § 2119, and two related firearms offenses, 18 U.S.C. § 924(c). The district court sentenced Resto to life imprisonment. Resto appeals. We affirm.

The appellant advances only a single assignment of error, contending that the trial judge committed reversible error in refusing to declare a mistrial when a government witness, Agent Francisco Ng of the Federal Bureau of Investigation, blurted out an inadmissible and incriminating bit of hearsay during his direct examination (despite forewarning from the prosecutor).[2] Defense counsel objected and the court immediately struck the offending testimony, cautioning the jury to disregard it.

Further proceedings ensued outside the jury's earshot. The appellant moved for a mistrial, claiming irretrievable prejudice. Following a voir dire examination of Agent Ng, the

---

[1]The proof showed conclusively that the carjackers shot and killed one of the victims, Eliezer Ortiz-Rodríguez, in cold blood.

[2]Agent Ng testified that, upon interviewing a witness, the witness mentioned that one of the alleged perpetrators "had confided . . . that Eduardo Rodríguez Vásquez and Jerry Resto-Díaz had committed the carjacking."

court supportably found that the insertion of the "double hearsay" statement into the case had been a manifestation of Agent Ng's confusion rather than a deliberate attempt to influence the outcome of the trial.  The court then denied the mistrial motion.  In its charge to the jury, the court reiterated its admonition to disregard testimony that had been stricken from the record.

The denial of a motion for a mistrial is reviewed for abuse of discretion.  See United States v. Pierro, 32 F.3d 611, 617 (1st Cir. 1994).  Despite defense counsel's able advocacy, we discern no abuse of discretion here.  While the mention of the "double hearsay" statement was regrettable, it was a momentary interlude in a five-day trial.  Corrective action was swift and sure.[3]  Given the strength of the government's case against Resto and the lower court's adroit handling of Agent Ng's wayward remark, we conclude, on whole-record review, that the incident was harmless.  Courts, after all, ordinarily should presume that jurors will follow a trial judge's instructions, see Richardson v. Marsh, 481 U.S. 200, 206 (1987); United States v. Torres, 162 F.3d 6, 12 (1st Cir. 1998); United States v. Sepulveda, 15 F.3d 1161, 1185 (1st Cir. 1993), and the record in

---

[3]We think it is noteworthy that defense counsel neither objected to the wording of the trial court's cautionary instructions nor suggested how those instructions might have been better phrased.

this case affords no basis for discarding that venerable presumption.

We need go no further. For aught that appears, the appellant was fairly tried, justly convicted, and lawfully sentenced.

**Affirmed**.